# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LEO D. WASHINGTON,
              Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
              Agency.

DOCKET NUMBER
CH-3443-15-0089-I-1

DATE: May 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Leo D. Washington</u>, Countryside, Illinois, pro se.

<u>Janet M. Kyte</u>, Esquire, Hines, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal challenging his performance appraisal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2　　The preference-eligible appellant filed an appeal challenging his performance rating of "Minimally Satisfactory" for fiscal year 2014, and he requested a hearing. Initial Appeal File (IAF), Tab 1 at 2-3, 5. He also alleged claims of retaliation for whistleblowing activity, harmful procedural error, prohibited personnel practices, and unlawful discrimination. *Id*. at 4, 9. On his appeal form, the appellant indicated that he did not file a whistleblowing complaint with the Office of Special Counsel (OSC) and he did not file a complaint with the Department of Labor.

¶3　　The administrative judge acknowledged the appeal and issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction, explaining that the Board might not have jurisdiction over the appellant's action challenging his performance appraisal and informing him of the criteria for establishing jurisdiction over an individual right of action (IRA) appeal. IAF, Tab 2 at 2, Tab 3. The administrative judge ordered the appellant to file evidence and argument in support of his jurisdictional claim. IAF, Tab 3 at 6-8. The appellant did not respond to the acknowledgment order or the jurisdiction order,

and the agency responded by requesting that the administrative judge dismiss the appeal for lack of jurisdiction. IAF, Tab 7.

¶4     Without holding the hearing requested by the appellant, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID) at 6-7. In reaching his decision, the administrative judge stated that the only basis for finding jurisdiction over the appellant's appeal challenging his performance appraisal would be as an IRA appeal or an appeal under Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA), and that the appellant failed to raise any matter within the Board's jurisdiction. ID at 3. The administrative judge found no evidence that the appellant filed a complaint with OSC and satisfied the exhaustion requirement for an IRA appeal, and that the appellant did not allege that the agency violated his rights under USERRA. ID at 5-6.

¶5     The appellant filed a petition for review of the initial decision arguing the merits of the claims he raised on appeal. Petition for Review (PFR) File, Tab 1. The appellant also submits, for the first time on review, a January 2012 email chain sent to fraudnet@gao.gov and several individuals reporting a "VA FSS Waste and Abuse of Non Appropriated Funds," although the appellant submits no evidence or argument that he exhausted his administrative remedies before OSC. *Id*. at 11-14. The appellant notes that the administrative judge's acknowledgement and jurisdictional orders failed to address his claims of harmful procedural error, prohibited personnel practices, and unlawful discrimination. *Id*. at 7-8. The appellant also argues that the administrative judge focused on the jurisdictional issue and his retaliation claim to avoid addressing his remaining claims on appeal. *Id*. at 4. After the deadline stated in the Board's acknowledgement order, the agency filed a response in opposition to the appellant's petition. PFR File, Tab 3. The appellant responded by asking the

Board to disregard the agency's untimely reply and we have not considered it. PFR File, Tab 4.

¶6     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board generally lacks jurisdiction over appeals from performance appraisal ratings. *Wein v. Department of the Navy*, 37 M.S.P.R. 379, 381 (1988). Appealable actions under 5 U.S.C. chapter 75 do not include performance appraisals. *See* 5 U.S.C. §§ 7512, 7513(d); *see also* 5 C.F.R. § 1201.3(a)(1). The only bases on which the Board could have jurisdiction over such an appeal would be as a USERRA claim or as an IRA appeal. *Bambl v. Department of the Treasury*, 113 M.S.P.R. 55, ¶ 9 (2010). In this case, the appellant expressly denies that he raised a claim under USERRA, and therefore we agree with the administrative judge's finding that the Board has no jurisdiction over this appeal under USERRA. PFR File, Tab 1 at 8; ID at 3-6.

¶7     The Board has jurisdiction over an IRA appeal if the appellant has exhausted his or her administrative remedies before OSC and makes nonfrivolous allegations that: (1) he engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). An individual may bring an IRA appeal claiming that the agency gave him a low performance rating in retaliation for his whistleblowing activity, but the record reflects that the appellant did not exhaust his administrative remedies before OSC regarding his claim of whistleblower retaliation and he did not address the exhaustion issue on appeal or on review. IAF, Tab 1 at 4; *see Bambl*, 113 M.S.P.R. 55, ¶ 9. We therefore find that the administrative judge properly found that the Board has no jurisdiction to consider the appellant's claim of whistleblower retaliation as an IRA appeal. ID at 6.

¶8      Despite the appellant's assertions on review, his remaining allegations of harmful error, unlawful discrimination, and prohibited personnel practices under 5 U.S.C. § 2302(b) are not independent sources of Board jurisdiction.  *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982); *see also Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 5 (2012).  Accordingly, we find that because the appellant failed to identify any matter within the Board's jurisdiction, the administrative judge could not consider the merits of the appellant's claims on appeal.  We therefore DENY the petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the

Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.